*E-Filed 4/14/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT PRICE MCCOWAN,<br><br>    Plaintiff,<br><br>    v.<br><br>B. HEDRICK, et al.,<br><br>    Defendants.<br>_____/ | No. C 13-0076 RS (PR)<br><br>**ORDER DENYING MOTION TO DISQUALIFY;**<br><br>**ORDER DENYING MOTION TO REOPEN THE ACTION** |

**INTRODUCTION**

This is a closed federal civil rights action. The original complaint was dismissed with leave to amend. The first amended complaint failed to correct the deficiencies of the first, and the action was dismissed. Plaintiff now moves to disqualify the presiding judge, and to reopen the action. The Court addresses these filings below.

**I.**  **Motion to Disqualify**

Plaintiff moves to disqualify the presiding judge in this matter on grounds that he is prejudiced and biased against him, as evidenced by the judge's failure to rule in his favor on his motions and requests. (Docket No. 20.) A party may move to disqualify, or recuse, a judge from presiding in a given case. Motions to disqualify fall under two statutory

provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 868. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Here, as noted, plaintiff moves to disqualify the undersigned on the ground of prejudice and bias. Merely ruling against plaintiff is not sufficient to show prejudice or bias, however. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding judicial rulings on basis of facts introduced or events occurring in course of judicial proceedings "almost never" provide grounds for recusal); *Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). In sum, plaintiff's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be

questioned herein, and, consequently, are insufficient as a matter of law. Accordingly, plaintiff's motion to disqualify is DENIED.

**II.     Motion to Reopen Action**

Plaintiff's motion to reopen the action (Docket No. 21) is DENIED. As stated in the last order of dismissal, any motion to reopen the action must contain an amended complaint addressing the deficiencies discussed in the orders of dismissal (Docket No. 12 and 18). His current filings do not contain such an amended complaint. The Clerk shall terminate Docket Nos. 20 and 21.

**IT IS SO ORDERED**.

DATED: April 14, 2014

RICHARD SEEBORG
United States District Judge